■ In the Matter of KURT TOLKSDORF, Respondent, v LANGENBACHER FURNITURE CORP. et al., Appellants. In the Matter of KURT TOLKSDORF, Respondent, v DESCHLER INDUSTRIES, INC., et al., Appellants. (Appeal No. 1.) JOHN LANGENBACHER CO., INC., et al., Respondents, v KURT TOLKSDORF, Appellant. (Appeal No. 2.)

The defendant-appellant, prior to 1983, owned a one-half interest in the plaintiff corporation and certain affiliated companies and was a director, officer and employee thereof. At that time he engaged in negotiations, as a prelude to retirement due to illness, and sold his interest, pursuant to a memorandum of agreement, to the plaintiffs for some $4 million, payable over several years, and entered into a noncompetition agreement.

The individual defendants were preparing to dissolve the corporate defendant, and because of his interest in a payout, the plaintiff commenced a proceeding, pursuant to CPLR article 78 and Business Corporation Law § 624, to examine the books and records of the corporate defendants, which petition was granted and which we have hereinabove affirmed. Thereafter, the plaintiffs brought this action for injunctive relief and monetary

damages for the alleged breach of the noncompetition agreement and other alleged tortious conduct.

The order in this matter gives the plaintiffs an expedited priority deposition, and we do not disturb that. However, it also prevented the defendant from leaving the State despite his poor physical health and, pursuant to his physician's advice, spending the winter months in Florida.

To prevent him from leaving the State when it would be very simple for him to fly back from Florida, and when he has his own litigation pending involving a substantial amount of money, was an abuse of discretion, and we vacate that portion of the order.

Inasmuch as the order for the priority examination directed the defendant to appear to complete the examination not later than December 4, 1984, and we have stayed enforcement thereof (motion No. 6081, entered Dec. 6, 1984), we set new time limitations, providing that 30 days' notice be given to the defendant setting a date of such examination or at such time as the parties may agree. Concur — Kupferman, J. P., Ross, Carro and Milonas, JJ.